# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NAFDEL PETROLEUM SOLUTIONS INTERNATIONAL LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, successor in interest by purchase from the Federal Deposit Insurance Corporation as Receiver of Washington Mutual Bank FKA Washington Mutual; and Trustee QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation,<br><br>Defendants. | NO: 1:19-CV-3109-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO RESTRAIN TRUSTEE SALE AND OTHER RELIEF |

BEFORE THE COURT is Plaintiff's Motion for Preliminary Injunction to Restrain Trustee Sale and Other Relief (ECF No. 10). This matter was heard with oral argument on July 10, 2019. The Court has reviewed the record and files

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO RESTRAIN TRUSTEE SALE ~ 1

herein, and is fully informed. For reasons discussed below, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction to Restrain Trustee Sale and Other Relief (ECF No. 10).

## BACKGROUND

On May 16, 2019, Plaintiff Nafdel Petroleum Solutions International LLC, a Washington limited liability company, filed a Complaint in Yakima County Superior Court asserting two causes of actions against Defendants JPMorgan Chase Bank, National Association ("Chase"), and Quality Loan Service Corporation of Washington ("Quality Loan"), relating to Defendants' efforts to foreclose a non-party's Deed of Trust. ECF No 1-1 at 9-14. Defendants removed the matter to this Court on May 22, 2019. ECF No. 1.

On July 3, 2019, Plaintiff filed the instant motion seeking to enjoin the upcoming trustee's sale of the real property at issue, which is currently scheduled for July 19, 2019. ECF No. 10 at 2. Chase and Quality Loan responded separately on July 9, 2019. ECF Nos. 14; 16.

## FACTS

The following facts are essentially undisputed as relevant and material to resolution of the instant motion. In May 2007, Delwayne Matthews purchased the subject real property with a loan obtained from Washington Mutual Bank ("WaMu"), evidenced by a Promissory Note and secured by a Deed of Trust. ECF

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO RESTRAIN TRUSTEE SALE ~ 2

No. 16-2 at 2-10, 12-17.  The Deed of Trust was recorded on August 21, 2007.  ECF No. 1-1 at ¶ 10.  The beneficial interest in the property was subsequently assigned to Chase.  ECF Nos. 11-3 at 2; 16-2 at 20.  Chase is the current Note holder and Deed of Trust beneficiary.  ECF No. 1-1 at ¶ 3.

On February 21, 2008, Matthews granted a Deed of Trust to the Joseph Bates Living Revocable Trust.  ECF No 11-1 at 2-7.  Plaintiff alleges this transfer was "in violation of the due on sale clause of both the Loan Agreement and the Trust Deed."  ECF No. 10 at 3.  In September 2009, Matthews stopped making mortgage payments and defaulted on the Note.  ECF No. 16-2 at 30.  On August 25, 2010, the original foreclosure trustee recorded the first notice of trustee's sale.  *Id*. at 29-32.  The trustee's sale, however, never took place.

On February 23, 2011, Matthews transferred his interest in the property by quitclaim deed to 3202 Southcreek Drive Associates, LLC ("South Creek Associates"), a limited liability company formed and owned by Matthews.  ECF Nos. 10 at 3; 8-5 at 2.  Plaintiff describes this transfer as the second violation of the due-on-sale clause contained in the Loan Agreement and the Deed of Trust.  On January 23, 2013, the original foreclosure trustee recorded an amended notice of trustee's sale.  ECF No. 16-2 at 38-42.  Again, the foreclosure sale never took place.

On March 23, 2017, South Creek Associates conveyed all its rights, title, and interest in the property to Plaintiff. ECF No. 11-2 at 2-3. On March 30, 2018, Quality Loan, as successor trustee, recorded a notice of trustee's sale. ECF No. 16-2 at 53-55. Like the previously scheduled trustee's sales, the sale never took place. On January 15, 2019, Quality Loan initiated the pending foreclosure sale, which is the trustee's sale at issue in the instant motion. ECF No. 16-2 at 63-65. The pending trustee's sale is currently scheduled for July 19, 2019.

## DISCUSSION

### I. Plaintiff's Motion for Injunctive Relief

In the pending motion, Plaintiff moves the Court under LCivR 7 and Federal Rule of Civil Procedure 65 to enjoin the upcoming trustee's sale of the property at issue "until the discovery in the case can be completed and until the application of the Statute of Limitations to this case can be determined by the Court." ECF No. 10 at 4. While Plaintiff's motion is styled as a "Motion for Preliminary Injunction," it appears the relief Plaintiff actually seeks is a temporary restraining order ("TRO"). At any rate, the distinction makes little difference to the Court's analysis as the standards for granting a temporary restraining order are "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A TRO, like a preliminary injunction, is an "extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008). To obtain injunctive relief under Rule 65, a plaintiff must make a "clear showing" of: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief. Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor," assuming the plaintiff also satisfies the two other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of one element may offset a weaker showing of another."); *see also Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (internal quotation marks and citation omitted).

For reasons discussed below, the Court finds that Plaintiff has presented insufficient evidence to warrant granting a TRO in this case.

//

//

**A. Likelihood of Success on the Merits**

Plaintiff fails to meet its burden of demonstrating a likelihood of success on the merits. Plaintiff's claims ultimately turn on whether the statute of limitations has in fact run on Chase's right to enforce the loan at issue in this case. As Plaintiff notes, Washington law imposes a six-year statute of limitations on mortgage foreclosure. *See* RCW 4.16.040. To supports its position that the limitations period has expired, Plaintiff argues that the limitations period began to run in either 2008 or 2011 when Matthews transferred the property in violation of the due-on-sale clause contained in the Mortgage Agreement and the Deed of Trust. Plaintiff's theory is that these violations of the due-on-sale clause accelerated the maturation of the debt, thereby triggering the limitations period. In terms of legal authority, Plaintiff relies almost exclusively on the Garn-St. Germain Depository Institutions Act of 1982 ("Garn-St. Germain Act"), 12 U.S.C. § 1701j-3(b)(1), and the plain language of the Loan Agreement and the Deed of Trust. Plaintiff asserts that the Garn-St. Germain Act permits lenders to immediately enforce a due-on-sale clause with respect to a real property loan, while the "contract terms drafted by the defendant lender specifically state that there is no discretion on the part of the lender and that the entire contract balance becomes immediately due and owing on a violation of the due on sale clause." ECF No. 10 at 7-8.

Plaintiff's arguments fail for several reasons.  First, contrary to Plaintiff's contentions, neither the Garn-St. Germain Act nor Washington law requires the immediate acceleration of a loan upon default.  While the Garn-St. Germain Act may "preempt state law so that due-on-sale clauses are now enforceable in Washington," nothing in the Act requires immediate acceleration. *McCausland v. Bankers Life Ins. Co. of Nebraska*, 110 Wn.2d 716, 719 (1988).  Moreover, in Washington, acceleration is the lender's prerogative.  Under state law, "acceleration does not occur automatically by invoking the power of sale." *4518 S. 256th, LLC*, 195 Wn. App. at 444.  Rather, it "must be made in a clear and unequivocal manner [that] effectively apprises the maker that the holder has exercised his right to accelerate the payment date." *Glassmaker v. Ricard*, 23 Wn. App. 35, 38 (1979).  Accordingly, while Plaintiff argues acceleration automatically occurred when Matthews violated the due-on-sale clause, this interpretation is both unsupported by the Garn-St. Germain Act and contrary to Washington law.

Second, the contract language in the loan documents clearly state that acceleration is at the option of the beneficiary.  Plaintiff argues that paragraph 5 in the Loan Agreement, which is mirrored in paragraph 5 of the Deed of Trust, amounts to an unequivocal statement "that any transfer, including encumbrance results in the acceleration of the debt immediately and is a default under the terms of the Loan Agreement."  ECF No. 10 at 8.  However, to reach this conclusion,

Plaintiff must ignore paragraph 7 of the Deed of Trust.  Paragraph 7 specifically states that, upon default, "the Debt and any other money whose repayment is secured by this Deed of Trust shall immediately become due and payable in full, *at the option of the beneficiary*, and the total amount owed by Grantor shall thereafter bear interest at the rate(s) stated in the Credit Agreement."  ECF No. 16-2 at 14 (emphasis added).  While Plaintiff would prefer to read these provisions separately, Plaintiff's approach is contrary to well-established principles of contract interpretation.  When read properly as a complete contract, paragraph 5 and paragraph 7 of the Deed of Trust confirm that acceleration of the loan is at the option of the beneficiary.

Third, as Plaintiff conceded during oral argument, Chase's Note is an installment note.  On an installment note, the six-year limitations period begins to run for each installment at the time such payment is due.  484-85.  *Cedar West Owners Ass'n. v. Nationstar Mortgage*, LLC, 7 Wn. App. 2d 473, 484-84 (2019).  Thus, each installment triggers the limitations period for that missed payment: "[W]hen recovery is sought on an obligation payable by installments[,] the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it."  *Herzog v. Herzog*, 23 Wn.2d 382, 388 (1945).  Accordingly, where a note provides for installment payments, the last payment owed commences the final six-year period to enforce a

deed of trust securing a loan.  This situation occurs when the final payment becomes due, such as when the note matures or a lender unequivocally accelerates the note's maturation.  *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434-35 (2016).  Here, the final limitations period is not set to run until 2037 and Plaintiff makes no argument that Chase unequivocally accelerated the loan.

Finally, a plaintiff may not seek injunctive relief by complaint under the Washington Deed of Trust Act ("DTA"), RCW 61.24 *et seq.*, without first following relevant state law provisions, such as RCW 61.24.130—the sole method to contest and enjoin a foreclosure sale.  Under RCW 61.24.130(1), a court may only restrain a sale by a trustee if the "applicant pay[s] to the clerk of court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed."  Here, Plaintiff conceded during oral argument that it is unable to make the requisite payments to the Clerk of Court.  Accordingly, the Court must deny Plaintiff's motion for a TRO under the DTA.

**B. Irreparable Injury, Hardships, & Public Interests**

Plaintiff also fails to establish why the sale of this property will cause Plaintiff harm that cannot be redressed should it be successful in an action for monetary damages.  Nor has Plaintiff shown that enjoining the foreclosure sale is in the public interest; as discussed above, the sale appears to be facially legitimate.  Finally, because the Court rejects Plaintiff's argument that "Chase has ignored the

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO RESTRAIN TRUSTEE SALE ~ 9

mandate of the beneficiary and the Trustee to timely conduct the sale remedy in a diligent manner without delay," the Court concludes that Plaintiff has also failed to establish that the balance of equities tips in Plaintiff's favor. ECF No. 10 at 6-7.

Given these deficiencies, the Court denies Plaintiff's motion to enjoin the foreclosure sale currently scheduled for July 19, 2019. ECF No. 10.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction to Restrain Trustee Sale and Other Relief (ECF No. 10) is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to the parties.

**DATED** July 12, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION TO RESTRAIN TRUSTEE SALE ~ 10