UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NAFDEL PETROLEUM SOLUTIONS INTERNATIONAL LLC, a Washington Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, successor in interest by purchase from the Federal Deposit Insurance Corporation as Receiver of Washington Mutual Bank FKA Washington Mutual; and Trustee QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington Corporation,<br><br>    Defendants. | NO: 1:19-CV-3109-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT are Defendants JPMorgan Chase Bank, N.A.'s and

Quality Loan Service Corporation's Motions to Dismiss. ECF Nos. 8, 9. Plaintiff

has filed no opposition to either motion. These motions were heard without oral

ORDER OF DISMISSAL ~ 1

argument. The Court has reviewed the record and files herein, and is fully informed. For reasons discussed below, as well as the reasons given in the Court's Order denying preliminary injunction (ECF No. 19), the Court **GRANTS** Defendants' Motions to Dismiss.

## BACKGROUND

On May 16, 2019, Plaintiff Nafdel Petroleum Solutions International LLC, a Washington limited liability company, filed a Complaint in Yakima County Superior Court asserting two causes of actions against Defendants JPMorgan Chase Bank, National Association ("Chase"), and Quality Loan Service Corporation of Washington ("Quality Loan"), relating to Defendants' efforts to foreclose a non-party's Deed of Trust. ECF No 1-1 at 9-14. Defendants removed the matter to this Court on May 22, 2019. ECF No. 1.

On July 3, 2019, Plaintiff filed a motion seeking to enjoin an upcoming trustee's sale of the real property at issue. ECF No. 10 at 2. Chase and Quality Loan responded separately on July 9, 2019. ECF Nos. 14; 16. The Court held oral argument and issued a written Order denying the motion for preliminary injunction to restrain the trustee sale and other relief. ECF No. 19.

In the meantime, Defendants filed motions to dismiss, which are now before

the Court. Plaintiff has filed no opposition to the motions.[1] The parties are familiar with the facts, which will not be repeated here.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. of Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the Court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and

---

[1] In addition to the substantive reasons for dismissal, Local Civil Rule 7(e) provides that failure to file an opposition to a motion may be deemed as consent to the entry of an order adverse to that party. The Court deems Plaintiff's failure to respond as consent to dismissal.

ORDER OF DISMISSAL ~ 3

construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

Plaintiff's quiet title claim fails because: (1) Chase's Note is an installment note and the six-year statute of limitations does not start until 2037; (2) Chase's Deed of Trust does not affect Plaintiff's title; and (3) to quiet title to a property with a known lien requires a tender of the loan balance, which Plaintiff does not allege.

Plaintiff's injunction/breach of RCW 61.24 claim fails because: (1) an injunction is not a separate claim; (2) Plaintiff cannot sue for wrongful foreclosure pre-sale; (3) third-party Plaintiff cannot challenge a non-judicial foreclosure on someone else's Deed of Trust; and (4) Plaintiff took title subject to Chase's valid lien so it cannot enjoin a sale.

A party may amend its pleading with the court's leave, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." *Id*.

at 1052.  Leave to amend can and should generally be given, even in the absence of such a request by the party.  See *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

The Court determines that amendment would be futile; no amendment could possibly cure the deficiencies of the Complaint.  Accordingly, leave to amend is denied.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendants JPMorgan Chase Bank, N.A.'s and Quality Loan Service Corporation's Motions to Dismiss, ECF Nos. 8, 9, are **GRANTED**.

2. The Complaint is **DISMISSED with prejudice**.

The District Court Clerk is directed to enter this Order and Judgment accordingly, provide copies to the parties, and CLOSE the file.

**DATED** August 27, 2019.



THOMAS O. RICE
Chief United States District Judge